IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MALOOF DISTRIBUTING, LLC,**

    **Plaintiff,**

vs.                 Civ. No. 06-057 JH/LAM

**HANSEN BEVERAGE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter comes before the Court on two motions: (1) *Maloof Distributing Company's Motion for Leave to File Surreply* [Doc. No. 14], and (2) *Hansen Beverage Company's Motion to Dismiss, and Alternatively, Stay Litigation Pending Arbitration* [Doc. No. 4]. After considering the law and the evidence, as well as the arguments of the parties, the Court concludes that the motion to file surreply should be denied, and the motion to dismiss should be granted.

## BACKGROUND

This is a commercial contract dispute between a beverage producer, Defendant Hansen Beverage Company ("Hansen") and its former New Mexico distributor, Plaintiff Maloof Distributing, LLC ("Maloof"). The parties' commercial relationship was governed by their June 1, 2003 Distribution Agreement. It contains an arbitration provision that requires the parties to arbitrate their disputes in Orange County, California. Neither party contends that any part of the Distribution Agreement, including the arbitration provision, is unenforceable. To the contrary, Maloof seeks to enforce the terms of the Distribution Agreement.

On January 25, 2005, Hansen terminated the Distribution Agreement on the grounds that

Maloof had failed to meet its obligations under the contract. On December 15, 2005, Maloof filed this action in the Second Judicial District Court, Bernalillo County, New Mexico, alleging that Hansen was liable for breach of contract, breach of duty of good faith and fair dealing, fraudulent misrepresentation, and negligent misrepresentation. On January 20, 2006, Hansen removed the case to this Court on the grounds of federal diversity jurisdiction, 28 U.S.C. § 1332.

## DISCUSSION

### I. MOTION FOR LEAVE TO FILE SURREPLY

On January 27, 2006, Hansen filed a motion to dismiss this action. After briefing was completed, Maloof filed its motion for leave to file a surreply. As grounds for the motion, Maloof contends that Hansen raised a new argument in its reply and that Maloof has had no opportunity to respond to that argument—specifically, Hansen's argument on page nine of its reply brief [Doc. No. 11] that the Federal Arbitration Act ("FAA") preempts New Mexico state law, including the "closed door" statute found at NMSA 1978, § 53-17-20(A) (1969). However, Maloof overlooks the fact that, at page 12 of Hansen's opening brief [Doc. No. 5], Hansen raised the argument that the FAA preempts contrary state law, though admittedly without a great deal of depth and without specificity to the New Mexico "closed door" statute. However, it is Maloof who introduced the question of the applicability of the "closed door" statute in its response brief, and given Hansen's prior argument regarding preemption, Maloof reasonably could have anticipated its application to the "closed door" statute. Accordingly, the Court concludes that this is not a new argument raised for the first time in a reply brief, and therefore the motion to file surreply will be denied.[1]

---

[1] In addition, the surreply is moot because the Court's decision on the motion to dismiss does not turn on the preemption argument that Maloof seeks to address in its proposed surreply.

## II.   MOTION TO DISMISS

Hansen moves to dismiss this case on the grounds that Maloof is bound by the parties' arbitration agreement, which is part of the Distribution Agreement, and therefore all disputes between them must be adjudicated by JAMS in Orange County, California.  Hansen brings its motion under Rule 12(b) of the Federal Rules of Civil Procedure, but noting that there is a split among circuits regarding the treatment of such motions to dismiss, brings it alternatively as a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.  Because the Tenth Circuit has stated that "[a] motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)," *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992), the Court will consider the motion as one under Rule 12(b)(3).

The scope of the issues raised by Hansen's motion and Maloof's response is quite narrow. Maloof disputes neither the enforceability nor the applicability of the arbitration provision in the Distribution Agreement.  Instead, Maloof contends that by failing to register to conduct business in the State of New Mexico, Hansen is in violation of the "closed door" statute, NMSA 1978, § 53-17-20 (1969) and therefore has lost the right to raise the arbitration defense.  That statute provides, in pertinent part:

> A.   **No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state**, until the corporation has obtained a certificate of authority. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of the corporation on any right, claim or demand arising out of the transaction of business by the corporation in this state, until a certificate of authority has been obtained by the corporation or by a corporation which has acquired all or substantially

3

> all of its assets.
> B.   The failure of a foreign corporation to obtain a certificate of authority to transact business in this state does not impair the validity of any contract or act of the corporation, and **does not prevent the corporation from defending any action, suit or proceeding in any court of this state**.

(emphasis added).  Relying upon *Shaw v. Kuhnel & Assoc., Inc.*, 102 N.M. 607 (1985), Maloof argues that the statute prevents Hansen from arguing that the case should be dismissed based upon the existence of an arbitration agreement.  In *Shaw*, the defendants were unregistered, out-of-state corporations transacting business in New Mexico who had an arbitration agreement with the plaintiffs.  Defendants filed a motion to compel arbitration, which the court rejected.  The court reasoned that, while New Mexico public policy favors arbitration, "a motion to compel arbitration is essentially a suit for specific performance of an agreement to arbitrate" and that under the statute, an unregistered corporation has no right to, in effect, maintain a suit to achieve that result.  *Id.* at 608.  Citing *Shaw* and the "closed door" statute, Maloof contends that Hansen's motion to dismiss under Rule 12(b) must be denied.

   The Court disagrees with Maloof.  A corporation must be transacting business in New Mexico before it is required to obtain a certificate of authority.  NMSA 1978, § 53-17-1 ("No foreign corporation shall transact business in this state until it has procured a certificate of authority to do so . . .").  Similarly, "by its own terms the closed-door statute only applies to corporations 'transacting business in this state.'"  *Cadle Co., Inc. v. Wallach Concrete, Inc.*, 115 N.M. 556, 557 (1993). Hansen argues that the statute does not apply because Hansen does not transact business in New Mexico; rather, it contends that it falls under two exceptions enumerated in the statute—specifically, that a foreign corporation is not "transacting business" in this state merely by "effecting sales through

4

independent contractors" or by "transacting any business in interstate commerce." NMSA 1978, § 53-17-1(E) and (I).

Under the Distribution Agreement between Maloof and Hansen (and upon which Maloof relies in its Complaint), Maloof was an independent contractor with the responsibility of distributing and selling Hansen's products in this state. The agreement provides that Maloof and Hansen have no agency relationship. Paragraph 17 of the agreement provides that neither is the "employee, agent, partner, or coventurer" of the other, and that neither has the authority to create or assume any obligation on behalf of the other. In New Mexico, "an independent contractor is defined as 'a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking.'" *Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109 ¶ 10, 138 N.M. 189 (quoting Restatement (Second) of Agency § 2(3) (1958)). This definition describes the contractual relationship between the parties in this case. Further, the contract provides that as the distributor, it is Maloof's duty to "achieve the wide distribution and sale" of Hansen's products. Paragraph 3(a) of Distribution Agreement. The Court concludes that Hansen was effecting the sales of its product through an independent contractor, Maloof. Therefore, under NMSA 1978, § 53-17-1(E), Hansen was not transacting business in New Mexico.[2] Because Hansen was not transacting business within the state, it was not obligated to obtain a certificate of authority, the "closed door" statute does not apply, and Hansen is free to raise the arbitration defense.

---

[2] The Court notes that Maloof has not contested Hansen's assertion that it did not transact business in New Mexico. Although Maloof requested permission to file a surreply, it sought only to address the question of whether the FAA preempts the "closed door statute." Maloof never sought to respond to Hansen's arguments regarding the applicability of Section 53-17-20(A).

Because Section 53-17-1(E) is satisfied, the Court need not reach the question of whether Hansen was "transacting business in interstate commerce" under Section 53-17-1(I), nor the question of whether the FAA preempts the New Mexico "closed door" statute, nor the question of whether *Shaw v. Kuhnel* is distinguishable because Hansen has filed a motion to dismiss the case rather than a motion to compel arbitration. Rather, these arguments are moot in light of the Court's conclusion that Hansen was under no obligation to obtain a certificate of authority to do business in New Mexico.

Maloof's sole objection to the motion to dismiss was the New Mexico "closed door" statute. Having found the statute to be inapplicable to Hansen, the Court will grant the motion to dismiss.

**IT IS THEREFORE ORDERED** that:

(1) *Maloof Distributing Company's Motion for Leave to File Surreply* [Doc. No. 14] is **DENIED**;

(2) *Hansen Beverage Company's Motion to Dismiss, and Alternatively, Stay Litigation Pending Arbitration* [Doc. No. 4] is **GRANTED**; and

(3) Plaintiff's Complaint is **DISMISSED**.

_____
**UNITED STATES DISTRICT JUDGE**